

# OFFICE OF THE ATTORNEY GENERAL OF TEXAS

## AUSTIN

GERALD C. MANN
ATTORNEY GENERAL

Dr. E. O. Siecke
Director, Texas Forest Service
College Station, Texas

Dear Sir:                              Opinion No. O-2871
                                       Re: Pine forest land bought in by
                                           State for taxes.

        This will acknowledge receipt of your request for
an opinion on the following questions:

        "1.  In view of the provisions of Articles
    2613 and 7326, at what time are pine forest lands
    to be considered as not redeemed or resold so as to
    withdraw such lands from the market and place them
    under the jurisdiction of the Board of Directors
    of A. & M. College as provided in Article 2613?

        "2.  What procedure, if any, should be fol-
    lowed by A. & M. College, the Comptroller or other
    public official in transferring the custody and
    control of such lands to A. & M. College?

        "3.  Would the provisions of Article 2613
    be applicable to pine forest lands which might be
    purchased by a taxing unit other than the State
    of Texas under the provisions of Article 7345b,
    Vernon's Texas Civil Statutes, when not redeemed?"

        Article 2613, Section 12, Vernon's Annotated Civil
Statutes provides:

        "When pine forest lands are sold to the State
    for the payment of taxes, interest, penalty and
    costs adjudged against such land, as provided in
    Article 7328, Revised Civil Statutes of Texas, 1925,
    as amended by Acts 1927, Fortieth Legislature, First
    Called Session, page 260, Chapter 99, Section 1, and
    not redeemed or resold as provided in said Article

NO COMMUNICATION IS TO BE CONSTRUED AS A DEPARTMENTAL OPINION UNLESS APPROVED BY THE ATTORNEY GENERAL OR FIRST ASSISTANT

7328, such lands shall be withdrawn from the market and shall be held, protected and administered by the Board of Directors of the Agricultural and Mechanical College as State forests; and the Board of Directors shall have the power to manage, use and improve such pine forest lands as fully and to the same extent as in the case of other forest lands held by it in accordance with the law. Forest lands, as used in this Act, shall include all lands upon which is growing pine timber of any material value and all outover pine timber which may reasonably be expected to produce by reason of natural, or other methods of reforestation, another growth of pine timber of any material value upon them."

It will be noted from reading this statute that it is very general in its nature, and, at most, sets out the policy of the State to retain pine forest lands which have been bought in by the State on tax sales, under Article 7328, R. C. S., as amended by the Acts of 1927, 40th Legislature, First Called Session p. 260, Chapter 99, Section 1. The use of the phrase "and not redeemed or resold as provided in said Article 7328 such lands shall be withdrawn from the market and shall be held, protected and administered by the Board of Directors of the Agricultural and Mechanical College as State forests" is somewhat conflicting as it seems to con- template that the sheriff might resell the land after the redemption period and at the same time it provides that it shall be withdrawn from the market giving no definite time for such withdrawal.

It is the opinion of this department in answer to your first question, that pine forest lands may be considered as not redeemed or resold at any time after the expiration of the redemption period of two years and so long thereafter as it remains unsold under Article 7328.

The statute is silent on the procedure to be fol- lowed and as to who is to determine what land bought in by the State for taxes is pine forest land. It is, therefore, the opinion of this department in answer to your second ques- tion that those matters must be worked out between the Board of Directors of A. & M. and the sheriffs of the various coun- ties where pine forest lands have been bought in under Article 7328. Once it has been determined by them that a tract of

land bought in under Article 7328 should be transferred under Article 2613, Section 12, the sheriff should transfer the custody and control of such land to the Board of Directors of the Agricultural & Mechanical College by an instrument in writing to be recorded in the deed records of the county where the land is located, reciting that it was being transferred under the provisions of Article 2613, Section 12.

It is the opinion of this department that your third question should be answered in the negative as Article 7345b, Vernon's Texas Civil Statutes, was passed subsequent to Section 12 of Article 2613 and Article 7345b is different from Article 7328 and includes additional taxing units.

Yours very truly

ATTORNEY GENERAL OF TEXAS

By

D. D. Mahon
Assistant

DDM:BT

APPROVED FEB 5, 1941

ATTORNEY GENERAL OF TEXAS